[Civ. No. 3647.    First Appellate District, Division One.—December 31, 1920.]

LOUIS SARONI, Respondent. v. CHICAGO BONDING AND SURETY COMPANY (a Corporation), Appellant.

[1.] GUARANTY—PAYMENT OF LOAN TO COMPANY—NATURE OF TRANSACTION—FINDINGS.—In this action to recover on a bond guaranteeing the payment of a loan of money to be made by the plaintiff to a reclamation company at the instance and request of the defendant, the findings, when considered together, refuted the contention of the defendant that the loan was not made to the company but to certain individuals for their personal use and benefit, although such individuals gave their joint and several promissory note therefor.

[2] ID.—ATTORNEY'S FEES — FINDING — APPEAL — PRESUMPTION FROM RECORD.—On an appeal from a judgment in an action to recover on a guaranty bond, the finding as to the amount of the attorney's fees, claimed to be excessive, cannot be reviewed, in the absence of a record showing the character and amount of work performed, and the finding must stand under the presumption that there was sufficient evidence to warrant it.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco. Bernard J. Flood, Judge. Affirmed.

The facts are stated in the opinion of the court.

Miller, Thornton, Miller & Watt for Appellant.

Hugo K. Asher, Asher, Meyerstein & McNutt and Philip S. Ehrlich for Respondent.

BARDIN, P. J., *pro tem.*—This is an appeal from a judgment in favor of the plaintiff, taken on the judgment-roll alone. The action was instituted to recover the sum of five thousand dollars with interest, and attorneys' fees, and was founded upon the alleged liability of the defendant upon a written instrument whereby the defendant, a corporation engaged in a general surety business, undertook to guarantee to plaintiff the payment of a loan in the sum of five thousand dollars made to Western Reclamation Company at

the instance and request of the defendant. It was provided in the undertaking referred to that if the debtor defaulted in the discharge of its obligation, the defendant would itself make the required payment to the plaintiff together with interest thereon, costs, attorneys' fees, and such damages as the creditor, Louis Saroni, might sustain.

[1] The first point urged is that the judgment does not find proper support in the findings.

By way of a separate defense to the action it was alleged by the defendant, in effect, that the Western Reclamation Company never at any time borrowed or received from the plaintiff the sum of five thousand dollars or any other sum, or promised to pay to plaintiff that sum or any other sum; and that the said sum of five thousand dollars was loaned by the plaintiff to certain individuals, naming them, for their sole and personal use and benefit, and that at the time said loan was made plaintiff received from the persons named their joint and several promissory note therefor.

Finding number X, in response to the particular issues created by the above averments, in part, is as follows: "The sum mentioned in the complaint, and the whole thereof, was not loaned by plaintiff to Louis Saunders, Frank V. Wright, and Just Anderson for their sole and personal use and benefit; and plaintiff, at the time of making said loan to said Western Reclamation Company, did receive a joint and several promissory note, signed by Louis Saunders, Frank V. Wright, and Just Anderson, in the sum of five thousand dollars ($5,000), and at the time that plaintiff so received the said note, it was to him stated by the defendant and by the signers of the said note, and plaintiff believed, and had reason to believe, that the said persons so signing the said note constituted the Western Reclamation Company."

It is claimed by the appellant that, inasmuch as the bond upon which this action is based stated, that the consideration for its execution was a loan to be made to Western Reclamation Company, there can be no liability fastened upon the defendant in view of finding number X, for the reason that there occurred such an alteration of the obligation of the principal as to exonerate it from any liability on the bond. Or, in other words, that the obligation for which the appellant became responsible under the terms of the bond was the obligation of the Western Reclamation Company, while

the obligation for which it is held under the judgment is to pay the joint and several note of the three individuals already named,

Before following the thread of appellant's argument further, it will be well to consider portions of two other findings of the court.

Finding number V, in part, is as follows: "On the thirty-first day of March, 1914, at the time of the execution and delivery of the instrument hereinabove set out, plaintiff loaned to the Western Reclamation Company, named in said instrument and as therein set forth, and said Western Reclamation Company received from plaintiff, the sum of five thousand dollars ($5,000) in gold coin of the United States, and the said Western Reclamation Company then and there agreed to repay the same to the said plaintiff, Louis Saroni, five months thereafter, together with interest thereon . . . " And in finding number IX we read the following: "Said Robert M. Ford (the agent of the defendant) did apply to plaintiff and request him to loan to the Western Reclamation Company the said sum of five thousand dollars ($5,000) and did promise that this defendant would execute and deliver to plaintiff as security for the repayment of said sum the bond hereinbefore set forth and did so execute said bond . . . "

We believe that when all the findings relative to the point sought to be made by appellant are considered together, it must necessarily follow that appellant's contention in the behalf stated is entirely without merit. The court directly and unequivocally found that the plaintiff had, as stated in the bond sued upon, made a loan to the Western Reclamation Company, and this constituted the consideration for the execution of defendant's undertaking. In what manner the obligation of the debtor was evidenced is beside the question.

[2] Complaint is also made against that portion of the judgment awarding plaintiff the sum of fifteen hundred dollars as and for an attorney's fee incurred in prosecuting the action, on the ground that the sum thus awarded is excessive. The court found as to the attorney's fee, now complained of, as follows: "By reason of the failure of the said defendant to pay said sum of five thousand dollars ($5,000) plaintiff has been obliged to employ attorneys to

enforce the collecting of the said sum against the said defendant and to bring this action to enforce collection of said sum, and that the sum of fifteen hundred dollars ($1500) is a reasonable attorney's fee in this behalf by plaintiff incurred.''

In the absence of a record showing the character and amount of work performed by plaintiff's attorneys, we cannot review this finding of the court. It must stand under the presumption that there was evidence of sufficient strength adduced at the trial to warrant the finding.

The judgment is affirmed.

Kerrigan, J., and Richards, J., concurred.